**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4034**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED WAYNE CASH, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Bruce H. Hendricks, District Judge. (6:17-cr-00333-BHH-1)

Submitted: December 20, 2021          Decided: January 6, 2022

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Wayne Cash, Jr., pled guilty to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in using the cross-reference in U.S. Sentencing Guidelines Manual §§ 2K2.1(c)(1)(A), 2X1.1 (2016), to apply the offense level for attempted murder under USSG § 2A2.1(a)(2). Cash filed a pro se supplemental brief, arguing that his indictment was facially defective. The Government has declined to file a response brief. We affirm.

We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and its legal conclusions de novo. *United States v. Ashford*, 718 F.3d 377, 380 (4th Cir. 2013). A conviction under § 922(g)(1) corresponds to a base offense level of 14. *See* USSG § 2K2.1(a)(6)(A). However, if the defendant "used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense," the cross-reference in USSG § 2K2.1(c)(1)(A) directs the application of the base offense level for the underlying offense, *see* USSG § 2X1.1. Section 2A2.1(a)(2) provides a base offense level of 27 for attempted murder where "the object of the offense would [not] have constituted first degree murder." After reviewing the record, we discern no error in the district court's decision to apply the cross-reference to attempted murder. *See United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012) ("[T]he Government has the burden to prove a cross-referenced offense by a preponderance of the evidence.").

2

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We reviewed Cash's pro se supplemental brief and we conclude that there was no reversible error related to his arguments. We therefore affirm the district court's judgment. This court requires that counsel inform Cash, in writing, of the right to petition the Supreme Court of the United States for further review. If Cash requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cash.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*